UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTIANA TRUST,<br><br>   Plaintiff,<br><br>   v.<br><br>MONIKA BEITBADAL, et al.,<br><br>   Defendants. | Case No.  1:15-cv-00517 MJS<br><br>**FINDINGS AND RECOMMENDATION TO GRANT MOTION TO REMAND ACTION TO STATE COURT**<br><br>**(Doc. 3)**<br><br>**ORDER DIRECTING CLERK OF COURT TO ASSIGN A FRESNO DISTRICT COURT JUDGE TO THE MATTER** |

On April 3, 2015, Defendant Monica Beitbadal filed a Notice of Removal with this Court, seeking to remove an unlawful detainer action from the Stanislaus County Superior Court to this Court. (ECF No. 1.) On May 1, 2015, Plaintiff filed a motion to remand the matter to state court. (ECF No. 3.) Defendant did not file an opposition to the motion. The matter stands ready for adjudication.

Concurrently with the motion to remand, Plaintiff filed a notice of consent to Magistrate Judge jurisdiction under 28 U.S.C. § 636(c). Defendants have not consented to Magistrate Judge jurisdiction. As the Ninth Circuit has construed motions to remand as dispositive under 28 U.S.C. § 636(b)(1)(A), the Court will proceed by preparing findings and a recommendation to the District Court Judge regarding the motion. See

Flam v. Flam, Ninth Cir. Case No. 12-17285 at 8 (June 8, 2015).

Pursuant to Title 28 of the United States Code section 1441(a), a defendant may remove an action to federal court if the district court has original jurisdiction. 28 U.S.C. § 1441(a); Hunter v. Phillip Morris USA, 582 F.3d 1039, 1042 (9th Cir. 2009) (quoting Ansley v. Ameriquest Mortg. Co., 340 F.3d 858, 861 (9th Cir. 2003)). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. 28 U.S.C. § 1447(c). Generally, a defendant seeking to remove an action to federal court must file a notice of removal within thirty days of receiving a copy of the initial pleading. 28 U.S.C. § 1446(b). The defendant seeking removal of an action to federal court has the burden of establishing federal jurisdiction in the case. California ex rel. Lockyer v. Dynegy, Inc., 375 F.3d 831, 838 (9th Cir. 2004).

Defendant is attempting to remove an unlawful detainer action based federal question subject matter jurisdiction. (ECF No. 1 at 2-3.) However, Defendant cannot establish jurisdiction in this Court. Federal courts are courts of limited jurisdiction and lack inherent or general subject matter jurisdiction. Federal courts can adjudicate only those cases authorized by the United States Constitution and Congress. Generally, such cases involve diversity of citizenship or a federal question, or cases in which the United States is a party. Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375 (1994); Finley v. United States, 490 U.S. 545 (1989). Federal courts are presumptively without jurisdiction over civil actions. Kokkonen, 511 U.S. at 377. Lack of subject matter jurisdiction is never waived and may be raised by the Court sua sponte. Attorneys Trust v. Videotape Computer Prods., Inc., 93 F.3d 593, 594-95 (9th Cir. 1996). "Nothing is to be more jealously guarded by a court than its jurisdiction. Jurisdiction is what its power rests upon. Without jurisdiction it is nothing." In re Mooney, 841 F.2d 1003, 1006 (9th Cir. 1988).

Furthermore, the law is clear in the Ninth Circuit that the removal statute should be strictly construed in favor of remand and against removal. Harris v. Bankers Life and Cas. Co., 425 F.3d 689, 698 (9th Cir. 2005). The "strong presumption" against removal

jurisdiction means that the defendant always has the burden of establishing that removal is proper. Nishimoto v. Federman–Bachrach & Assocs., 903 F.2d 709, 712 n.3 (9th Cir. 1990); Emrich v. Touche Ross & Co., 846 F.2d 1190, 1195 (9th Cir. 1988). Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance. Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

In this case, Defendant is unable to establish subject matter jurisdiction before this Court because the complaint filed in the state court apparently contains a single cause of action for unlawful detainer based on California Code of Civil Procedure section 1161a. Unlawful detainer actions are strictly within the province of state court. Defendant's attempt at creating federal subject matter jurisdiction by adding claims or defenses to a notice of removal will not succeed. Vaden v. Discover Bank, 556 U.S. 49, 50 (2009) (federal question jurisdiction cannot "rest upon an actual or anticipated counterclaim"); Valles v. Ivy Hill Corp., 410 F.3d 1071, 1075 (9th Cir. 2005) ("A federal law defense to a state-law claim does not confer jurisdiction on a federal court, even if the defense is that of federal preemption and is anticipated in the plaintiff's complaint.")

In determining the presence or absence of federal jurisdiction in removal cases, the "well-pleaded complaint rule," applies "which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). Moreover, "it is well established that plaintiff is the 'master of her complaint' and can plead to avoid federal jurisdiction." Lowdermilk v. U.S. Bank Nat'l Ass'n, 479 F.3d 994, 998-99 (9th Cir.2007); Metro. Life Ins. Co. v. Taylor, 481 U.S. 58, 63 (1987) (citing Gully v. First Nat'l Bank, 299 U.S. 109 (1936)) ("It is long settled law that a cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law"). Plaintiff's complaint raises a single state law claim. The face of a properly-pled state law unlawful detainer action does not present a federal question. Therefore, Plaintiff's complaint avoids federal question jurisdiction.

Further, no reference to the "Protecting Tenants at Foreclosure Act of 2009"

appears in Plaintiff's complaint. In determining the presence or absence of federal jurisdiction in removal cases, the "well-pleaded complaint rule," applies "which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." <u>Caterpillar Inc. v. Williams</u>, 482 U.S. 386, 392, 107 S. Ct. 2425, 96 L. Ed. 2d 318 (1987). Moreover, "it is well established that plaintiff is the 'master of her complaint' and can plead to avoid federal jurisdiction." <u>Lowdermilk v. U.S. Bank Nat'l Ass'n</u>, 479 F.3d 994, 998-99 (9th Cir.2007); <u>Metro. Life Ins. Co. v. Taylor</u>, 481 U.S. 58, 63, 107 S. Ct. 1542, 95 L. Ed. 2d 55 (1987) (citing <u>Gully v. First Nat'l Bank</u>, 299 U.S. 109, 57 S. Ct. 96, 81 L. Ed. 70 (1936)) ("It is long settled law that a cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law"). Plaintiff's complaint raises a single state law claim. The face of a properly-pled state law unlawful detainer action does not present a federal question. Therefore, Plaintiff's complaint avoids federal jurisdiction.

Based on the above, it is recommended that the motion to remand be granted and the action be remanded to the Stanislaus County Superior Court of California for all future proceedings.

**RECOMMENDATION**

It is RECOMMENDED:

1. That the motion to remand be granted and the action be remanded sua sponte to the Stanislaus County Superior Court of California for all future proceedings.

2. Further, the Court hereby ORDERS the Clerk of Court to assign a Fresno District Court judge to the present matter.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within fourteen (14) days of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's

Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:   June 8, 2015                           /s/ *Michael J. Seng*
                                                      UNITED STATES MAGISTRATE JUDGE